**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSE CRUZ RUFINO LADRILLERO, A#241 113 892,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-3945-FB** |
| **WARDEN, Karnes County Immigration Processing Center, ET AL.,** | § | |
| **Respondents.** | § | |

**ORDER OF TRANSFER AND REASSIGNMENT**

Before the Court is *pro se* Petitioner Jose Cruz Rufino Ladrillero's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1). Upon review, the Court orders this matter **TRANSFERRED** and **REASSIGNED** to the Honorable Orlando L. Garcia.

Petitioner, proceeding again through counsel, previously filed a habeas petition on April 6, 2026, generally contesting Petitioner's continued detention. *See Jose Cruz Rufino Ladrillero v. Warden, South Texas ICE Processing Center, et al.*, No. 5:26-CV-02264-OLG (W.D. Tex., habeas granted May 6, 2026). (ECF No. 8). In that case, which was assigned to the Honorable Orlando L. Garcia, the Court granted the Petition, ordering that Petitioner be provided with a bond hearing or released. (*Id.*). A bond hearing was held and bond was denied. (ECF No. 10). Petitioner then sought to reopen the case and further injunctive relief (ECF No. 11); however, the Court dismissed the motion, finding it lacked jurisdiction to review an IJ's denial of bond following a hearing. (*Id.*)

On June 22, 2026, Petitioner, proceeding *pro se*, filed the instant § 2241 habeas Petition. (ECF No. 1). Therein, Petitioner also contests his detention. (*Id.*). The Court finds the instant matter should be transferred and reassigned to the Honorable Orlando L. Garcia.

Pursuant to Section IV of the Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions, entitled Direct Assignment of Civil Cases to the Calendar of a Judge, Subpart B provides the following with respect to petitions for writ of habeas corpus:

> A petition for writ of habeas corpus filed by a person in custody shall be assigned in the same manner as other civil cases except that subsequent petitions filed by the same individual shall be assigned to the judge to whom the most recently filed petition was assigned.

*See* https://www.txwd.uscourts.gov/judges-information/standing-orders/ (last visited on June 4, 2026). Moreover, the judges in the San Antonio Division traditionally follow the first-to-file rule in civil cases, finding that a second-filed related matter should be transferred to the docket of the first-filed case to alleviate duplication of effort and in the interest of judicial economy with the consent of judge in the first-filed case.

Therefore, because the instant case is a subsequently filed § 2241 Petition filed by Petitioner Jose Cruz Rufino Ladrillero, and because both Petitions arise "from the same set of pertinent facts," the Undersigned finds the instant case should be transferred to the docket of the Honorable Orlando L. Garcia under Section IV of the Amended Plain in the interest of judicial economy, and with Judge Garcia's consent.

**IT IS THEREFORE ORDERED** the above styled and numbered cause, *Jose Cruz Rufino Ladrillero v. Warden, South Texas ICE Processing Center, et al.,* No. 5:26-CV-03945-FB, is **TRANSFERRED** and **REASSIGNED** to the docket of the Honorable Orlando L Garcia with his consent and for all purposes.

It is **SO ORDERED**.

**SIGNED** this 31st day of July, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE